IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

KONNIE F. ANDERSON, a citizen )
and resident of Knox County, Tennessee, )
                                        )
     Plaintiff                    )
                                        )
v.                                        )          No. _____
                                        )
LIFE INSURANCE COMPANY OF )
NORTH AMERICA, and EAST )
TENNESSEE CHILDREN'S HOSPITAL, )
                                        )
     Defendants               )

## COMPLAINT

Comes now the Plaintiff, Konnie F. Anderson, by and through counsel, and for cause of action would state as follows:

### JURISDICTION

1. The Plaintiff, Konnie F. Anderson, is a citizen and resident of Knox County, Tennessee.

2. The Defendant, Life Insurance Company of North America (LINA), is an insurance company with its principal place of business in Philadelphia, PA, and may be served with process through the Tennessee Commissioner of Insurance, 500 James Robertson Parkway, Nashville, TN 37243. At all material times Defendant, LINA, acted by and through its agents, servants and/or employees who, in turn, were acting within the course and/or scope of their agency or employment.

1

3. The Defendant, East Tennessee Children's Hospital (ETCH), is a company duly organized under the laws of Tennessee, with its principal place of business at 2018 W. Clinch Avenue, Knoxville, Tennessee, 37916. ETCH may be served with process through its registered agent, Bruce A. Anderson, located at 2018 W. Clinch Avenue, Knoxville, Tennessee, 37916. At all material times Defendant, ETCH, acted by and through its agents, servants and/or employees who, in turn, were acting within the course and/or scope of their agency or employment.

4. The Plaintiff brings this action to recover benefits due for her Long Term Disability pursuant to the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (ERISA), and particularly 29 U.S.C. § 1132(a)(1)(B).

5. Jurisdiction over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(1).

6. Venue over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(2).

7. The Plaintiff at all times relevant to this action was a "participant" in the Policy as defined by 29 U.S.C. § 1002(7)

8. The Defendant Policy is an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1).

9. The Defendant, LINA, is a "party in interest" as defined by 29 U.S.C. § 1002(14)(A) and a "named fiduciary" as defined by 29 U.S.C. § 1102(a)(2)(A) which has the authority to control and manage the operation and administration of the plan pursuant to 29 U.S.C. § 1102(a)(1).

10. The Defendant, ETCH, is a "party in interest" as defined by 29 U.S.C. § 1002(14)(A) and a "named fiduciary" as defined by 29 U.S.C. § 1102(a)(2)(A) which has the authority to control and manage the operation and administration of the plan pursuant to 29 U.S.C. § 1102(a)(1).

## FACTS

11. Plaintiff worked for Defendant ETCH for a period of approximately 20 years.

12. Plaintiff developed certain physical conditions, including Multiple Sclerosis, that made it difficult for her to work, and ultimately Plaintiff's conditions resulted in a permanent and total long term disability in which Plaintiff cannot do any work for which she is or can become qualified by reason of her education, experience or training and is not expected to be able to continue such work for the duration of her life.

13. On or about April 10, 2007, Plaintiff ceased working due to a long term disability and submitted a claim to Defendant LINA for long term disability benefits.

14. Effective October 7, 2007, Plaintiff's long term disability claim was approved and she began receiving benefits effective on said date.

15. On or about November 14, 2011, Plaintiff received a letter indicating that she would cease receiving long term disability payments effective December 6, 2011.

16. Plaintiff timely appealed the denial and cessation of her benefits.

17. By letter dated March 26, 2012, Defendants sent a letter informing Plaintiff of their appellate review of the adverse prior decision and informed Plaintiff that benefits are not payable.

18. Plaintiff sought further appellate review in a timely fashion.

3

19. By letter dated October 9, 2012, Defendants sent a letter informing Plaintiff of their final appellate review of the adverse prior decision and informed Plaintiff that benefits are not payable.

20. Defendants' decision to deny Plaintiff long term disability benefits under the Policy was arbitrary and capricious.

21. Defendants have failed to provide long term disability benefits due Plaintiff under the Policy.

22. Defendants have failed to discharge their fiduciary duties with respect to the Policy solely in the interest of plan participants as required by 29 U.S.C. § 1104(a)(1).

WHEREFORE, premises considered, Plaintiff respectfully requests this Honorable Court for the following:

A. A declaration that Defendants have breached their fiduciary duties, responsibilities, and obligations imposed upon it under ERISA.

B. A declaration that Plaintiff is disabled within the meaning of the Policy and is entitled to long term disability benefits from the Policy.

C. Order Defendants to pay Plaintiff back benefits due under the Policy.

D. Order Defendants to pay prejudgment interest at the rate set by law on the disability benefits wrongfully withheld from Plaintiff or, if the amount is greater, order Defendants to pay her the amounts they have earned on the money wrongfully withheld from her as other equitable relief.

E. Order Defendants to pay Plaintiff the costs of her suit and reasonable attorney fees.

F. Grant such other and further relief to which Plaintiff is entitled.

Respectfully submitted this 22nd day of February, 2013.

_/s/ John P.D._____
John P. Dreiser (BPR #020743)
Tony Farmer (BPR# 1865)
Attorneys for the Plaintiff
1356 Papermill Pointe Way
Knoxville, TN 37919
(865) 584-1211